FILED

MAR 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY TONASKET, dba Stogie Shop; DANIEL T. MILLER, an individual,<br><br>     Plaintiffs - Appellants,<br><br>  v.<br><br>TOM SARGENT, Tobacco Tax Administrator; THE COLVILLE BUSINESS COUNCIL; MICHAEL O. FINLEY, Chairman; HARVEY MOSES, Jr.; SYLVIA PEASLEY; BRIAN NISSEN; SUSIE ALLEN; CHERIE MOOMAW; JOHN STENSGAR; ANDREW JOSEPH; VIRGIL SEYMOUR, SR.; MIKE MARCHARD; ERNIE WILLIAMS; DOUG SEYMOUR; SHIRLEY CHARLEY; RICKY GABRIEL; COVILLE CONFEDERATED TRIBES OF THE COLVILLE INDIAN RESERVATION, a federally recognized Indian tribe,<br><br>     Defendants - Appellees. | No. 11-36001<br><br>D.C. No. 2:11-cv-00073-LRS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Lonny R. Suko, District Judge, Presiding

Argued and Submitted August 6, 2012
Seattle, Washington

Before: NOONAN, GRABER, and RAWLINSON, Circuit Judges.

Appellants Terry Tonasket (Tonasket) and Daniel T. Miller (Miller) appeal the district court's order dismissing, for lack of subject matter jurisdiction, this action against Appellees Tom Sargent (Sargent), the Colville Business Council (the Council), and The Colville Confederated Tribes of the Colville Indian Reservation (the Colville Tribes), concerning the imposition by the Colville Tribes of cigarette taxes on non-Indians. In light of our decision in *Miller v.Wright*, No 11-35850, 2013 WL 174493 (9th Cir. Jan. 14, 2013), *as amended*, a case in which Miller brought the same claims against the Puyallup Tribe of Indians, we affirm.

In *Miller,* we held that: (1) the Puyallup Tribe's execution of the cigarette tax contract (CTC) did not waive tribal sovereign immunity, *id.* at *5; (2) tribal sovereign immunity extends to the tribal officials, who were acting in their official capacities and within the scope of their authority when they taxed cigarette sales occurring on tribal land, *id.* at *7; and (3) the federal antitrust laws do not abrogate tribal sovereign immunity, *id.* at *6-7.

Here, as in *Miller*, the district court lacked subject matter jurisdiction over Tonasket's and Miller's claims because the Colville Tribes did not waive sovereign immunity by entering into a CTC with the state of Washington; tribal sovereign immunity extends to Sargent, who is a tribal official; and federal antitrust laws do not abrogate tribal sovereign immunity. *See id.* at *5-7.

**AFFIRMED.**